IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARDO DONTE,

    Plaintiff,                    No. 2:10-cv-0299 KJM JFM (PC)

   vs.

D. SWINGLE, et al.,                  <u>ORDER AND</u>

    Defendants.             <u>FINDINGS & RECOMMENDATIONS</u>

                             /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is presently housed at Salinas Valley State Prison in Soledad, California. Before the court is defendant's motion to dismiss. Also before the court is defendant's ex parte motion to vacate the deadline for dispositive motions.

FACTUAL AND PROCEDURAL BACKGROUND

        On January 26, 2010, plaintiff filed a complaint against M. French and D. Swingle in the Northern District of California. Following transfer to this district, plaintiff filed the operative first amended complaint ("FAC") on March 10, 2010. Therein, plaintiff claims his Eighth Amendment rights were violated when he received inadequate medical attention while housed at High Desert State Prison ("HDSP") following an altercation that caused injury to his jaw. On May 25, 2010, the FAC was screened by the undersigned and found to state a cognizable claim only as to defendant French. On June 22, 2010, plaintiff filed a motion to

1

amend the FAC; plaintiff sought to clarify the relief requested.[1]  That motion was granted on July 21, 2010.

On August 20, 2010, defendant French filed an answer to the FAC.  On September 1, 2010, a discovery and scheduling order was issued.  Discovery concluded on December 17, 2010.  The deadline for filing dispositive motions was March 11, 2011.

On November 10, 2010, defendant French filed a motion to dismiss for failure to exhaust administrative remedies.  On December 27, 2010, plaintiff filed an opposition.  On December 28, 2010, defendant filed a reply.  On January 12, 2011, plaintiff sought an extension of time to file a sur-reply.  Plaintiff has not filed a sur-reply.

On February 23, 2011, defendant filed an ex parte request to vacate the March 11, 2011 deadline for filing dispositive motions until two months after consideration of the instant motion to dismiss.

On February 28, 2011, plaintiff filed a motion for an order granting plaintiff access to the law library.

STANDARDS FOR A MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell

---

[1] In the FAC, plaintiff prayed for "damages and relief." After amendment, plaintiff prayed for general, special and punitive damages according to proof; reasonable attorneys' fees; costs of suit; and "other such relief as the court may deem just and proper."

Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Although the court previously issued a screening order that expressly stated that plaintiff stated a cognizable claim against defendant, the court finds that this finding does not foreclose defendant's right to bring a motion to dismiss on the same grounds.  See Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) (finding that the screening and dismissal procedure under the Prison Litigation Reform Act "is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring"). The court will consider the merits of defendant's motion to dismiss.

On June 9, 2010, plaintiff received the notice required by Wyatt v. Terhune, 305 F.3d 1033 (9th Cir.2002), for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

## DISCUSSION

1. Timing of Motion to Dismiss

The first issue that must be addressed concerns the timing of defendant's motion. "[T]he PLRA does not impose a pleading requirement" on plaintiff, but rather "creates a defense," with respect to which "defendants have the burden of raising and proving the absence of exhaustion."  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Because "[t]he failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement," it "is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment."  Id.; see also Ritza v. International Longshoremen's and Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (finding that while no defense described in 12(b)(1) through (7) encompasses failure to exhaust, federal courts traditionally have entertained certain

/////

1   pre-answer motions not expressly provided for by rule, and authority to hear such motions lies in
2   federal court's inherent power to regulate actions pending before it).

3           The proper motion to bring when asserting failure to exhaust administrative
4   remedies, therefore, is an unenumerated 12(b) motion, which defendant has done here.  The
5   question then is when such a motion must be brought.  That is, whether, because it is a motion
6   under Fed. R. Civ. P. 12(b), it should have been brought prior to the filing of the answer.  It is
7   clear from the plain language of Fed. R. Civ. P. 12(b) itself that this is so with respect to a
8   motion raising any of the defenses specifically enumerated therein.  On the other hand, assertions
9   of failure to exhaust administrative remedies should be treated as being raised in a motion to
10  dismiss, even when raised in a summary judgment motion.  See Studio Electrical Technicians
11  Local 728 v. International Photographers of Motion Picture Industries, Local 659, 598 F.2d 551,
12  552 (9th Cir. 1979).  This is because"[s]ummary judgment is on the merits," and failure to
13  exhaust, as a matter in abatement, "ordinarily" does "not deal with the merits."  Id.; see also
14  Wyatt, 315 F.3d at 1119; Stauffer Chemical Co. v. Food & Drug Admin., 670 F.2d 106, 108 (9th
15  Cir. 1982).

16          The undersigned finds that in light of the above legal landscape concerning the
17  form and manner of raising and addressing the issue of failure to exhaust administrative
18  remedies, an unenumerated 12(b) motion need not necessarily be brought prior to the filing of
19  the answer.  First, it is fairly clear that, as discussed above, the language of the rule itself places
20  such a time limit only on those defenses specifically enumerated therein.  Second, the Ninth
21  Circuit also has made clear that even when raised in the context of a motion for summary
22  judgment, an assertion of failure to exhaust should be treated by the court as if it had been made
23  in a motion to dismiss, since it is a matter in abatement and not normally dealt with on the
24  merits.  Third, defendant preserved the defense of failure to exhaust in his answer.  See Answer
25  at 3.  Therefore, the undersigned finds that defendant's motion has been properly brought.  See
26  Tyner v. Schriro, 2008 WL 752612, *1 n.1 (D. Ariz. 2008); Thrasher v. Garland, 2007 WL

3012615, *1-2 (W.D. Wash. 2007); but see Charity v. Carroll, 2009 WL 2425712 (E.D. Cal. 2009) (holding that a motion to dismiss filed after an answer is untimely).

2.      Defendant's Motion

Defendant seeks dismissal of the FAC on the ground that plaintiff failed to exhaust his administrative remedies.

"Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002). Exhaustion must precede the filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. Id. at 1200. Claims dismissed for failure to exhaust administrative remedies should be dismissed without prejudice. Id.

In Jones v. Bock, 549 U.S. 199, 218 (2007), the United States Supreme Court held "that a prison's own grievance process, not [42 U.S.C. § 1997e(a)], determines how detailed a grievance must be to satisfy" the statutory requirement. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). In Griffin, the United States Court of Appeals for the Ninth Circuit held that "when a prison's grievance procedures are silent or incomplete as to factual specificity, 'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" Id. at 1120 (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)). "The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Id.

> California's Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment. Within fifteen working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal. Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c).

5

> [Footnote omitted.] If the issue is not resolved during the informal appeal, the grievant next proceeds to the first formal appeal level, usually conducted by the prison's Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005). Department regulations provide that the "informal level is waived for a variety of grievances, including those concerning 'alleged misconduct by a departmental peace officer.' Cal. Code Regs. tit. 15, § 3084.5(a)(3)(G)." Brodheim v. Cry, 584 F.3d 1262, 1265 (9th Cir. 2009). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Barry v. Ratelle, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997).

On September 24, 2008, plaintiff filed a 602 Appeal Form wherein he complained that he was receiving inadequate medical care for his injured jaw. Mot. to Dismiss ("MTD"), Ex. A. This appeal was partially granted at the informal level on October 6, 2008. Id. Plaintiff was informed that he was scheduled to be seen by a doctor. Id. Plaintiff did not appeal this decision to the first formal level of review or beyond. Frazier Decl., ¶¶ 3-4.

On October 16, 2008, plaintiff filed a second 602 Appeal Form wherein he complained that, following a visit to an oral surgeon, he should have been housed in the medical ward and requested that D. Swingle be contacted. MTD, Ex. B. This appeal was denied at the informal level of review. Id. Plaintiff was informed that he refused his dental treatment, and that the remainder of his request was not dental in nature. Id. Plaintiff did not appeal this decision to the first formal level of review or beyond. Frazier Decl., ¶¶ 6-7. Thus, it appears plaintiff did not exhaust his administrative remedies.

In his opposition, plaintiff contends his appeals should have been classified as emergency appeals. Opp'n at 6. He argues that he was misled by Dianne Frazier[2], who assigned

---

[2] Dianne Frazier is the Health Care Appeals Coordinator at HDSP, see Frazier Decl., ¶ 1, and is not a defendant in this action.

both grievances as non-emergency appeals and who allegedly failed to notify plaintiff that his appeals were being processed as regular appeals. See Opp'n at 6-8.

Pursuant to Cal. Code Regs., tit. 15, §§ 3084.7(a), an emergency appeal bypasses the regular appeal process in order to resolve the matter "in the shortest practical time." Circumstances that warrant such an exception to the regular appeals process include, but are not limited to, the need for protective custody, a decision was made to transfer the appellant to an institution housing an enemy, and the appellant was scheduled for parole within 15 calendar days and is appealing a serious disciplinary action resulting in credit loss extending the release date. Id. § 3084.7(a)(1). In order to proceed as an emergency appeal, the appellant is directed to submit the appeal directly to the appeals coordinator and include substantiation of circumstances warranting emergency processing. Id. § 3084.7(a)(2). If emergency processing is warranted, the first level is waived and the second level of review shall be completed within five working days. Id. § 3084.7(a)(2)(B). If, however, the appeals coordinator determines that emergency warranting is unnecessary, the inmate shall be notified and the appeal shall be processed as a regular appeal. Id. § 3084.7(a)(2)(A).

Review of the relevant regulations reveals that, contrary to plaintiff's understanding, it is the appeals coordinator and not the inmate who determines whether an appeal is classified as an emergency or a non-emergency appeal. See, e.g., Cal. Code Regs., tit. 15, §§ 3084.7(a)(2)(A) ("If *the appeals coordinator determines* emergency processing is unwarranted, . . .") (emphasis added). It appears, then, that after reviewing plaintiff's allegations in the appeals, a determination was made by the appeals coordinator that the appeals were non-emergency in nature. Additionally, it is unclear precisely how Frazier misled plaintiff. What is clear is that Frazier made a determination concerning plaintiff's appeal that is not at issue in this case. Plaintiff is advised that any claim that Frazier improperly classified his appeal and/or failed to adhere to prison regulations is not before this court.

/////

7

1    Lastly, plaintiff argues that he attempted to pursue his appeals to the first level of
2 review but was unable to do so due to Frazier's failure to respond at the first formal level.  Donte
3 Decl., ¶ 3.  The PLRA only requires an inmate to exhaust administrative remedies that "are
4 available."  42 U.S.C. § 1997e(a).  When circumstances render administrative remedies
5 "effectively unavailable" an inmate is excused from the exhaustion requirement.  See Nunez v.
6 Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010) (Warden's mistake rendered administrative
7 remedies unavailable, thereby excusing inmate from his failure to exhaust); see also Macias v.
8 Zenk, 495 F.3d 37, 45 (2d Cir. 2007) (threats by prison officials may render administrative
9 remedies unavailable); Kaba v. Stepp, 458 F.3d 678, 686 (7th Cir. 2006) (same); Brown v.
10 Croak, 312 F.3d 109, 112 (3d Cir. 2002) (administrative remedies unavailable where prison
11 officials erroneously told the inmate he must wait until an investigation was complete).

12    Here, the record belies plaintiff's assertion that he attempted to exhaust his
13 administrative remedies.  There is no evidence that plaintiff appealed the informal responses he
14 received.  Following the "informal level" response on the 602 appeals forms, it is stated that if
15 plaintiff is dissatisfied, he should explain in the space provided and attach support
16 documentation.  On both appeal forms, this section is blank.  See MTD, Exs. A and B.
17 Plaintiff's appeal history also reveals that no appeal was received or processed by HDSP at the
18 first formal level.  See Reply, Frazier Decl., Ex. A.  Thus, the court does not find that remedies
19 were "effectively unavailable."  See Nunez, 591 F.3d at 1226.  The court has also reviewed those
20 documents attached to plaintiff's opposition.  Although the court acknowledges that these are
21 screening forms, the tracking numbers associated with them do not correspond to either of the
22 appeals at issue in this case and, furthermore, do not provide the court with any indication as to
23 the claims plaintiff raised therein.  As such, they will be disregarded.

24    Therefore, upon review of the documents submitted in support of the motion to
25 dismiss, the court concludes that plaintiff did not exhaust his administrative remedies.  See
26 Barry, 985 F. Supp. at 1237-38.

3. <u>Miscellaneous Matters</u>

    A.    <u>Defendant's Ex Parte Motion to Vacate Deadlines</u>

On February 23, 2011, defendant filed an ex parte motion to vacate the deadline for filing dispositive motions as set forth in this court's September 1, 2010 order. For the reasons set forth herein, defendant's motion to dismiss should be granted. Accordingly, this motion is denied.

    B.    <u>Plaintiff's Motion for Law Library Access</u>

On February 28, 2011, plaintiff filed a motion for an order granting plaintiff access to the law library. The court is unable to determine the precise nature of this request. Although plaintiff sought an extension of time to file a sur-reply, plaintiff has not done so. To the extent plaintiff seeks law library access so as to file a sur-reply, which at this time is deemed untimely, this request will be denied because the court does not find that a sur-reply will aid plaintiff's opposition to defendant's motion to dismiss.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's February 23, 2011 motion is denied;

2. Plaintiff's February 28, 2011 motion is denied; and

IT IS HEREBY RECOMMENDED that

3. Defendant's motion to dismiss be granted; and

4. This action be dismissed for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

/////

/////

failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 15, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;dont0299.mtd